**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**PAUL RANDOLF JOHNSON,**

    **Petitioner,**

v.                                          **CASE NO. 6:12-cv-572-Orl-19DAB**

**SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,**

    **Respondents.**

**ORDER**

Paul Randolf Johnson ("Petitioner") initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254 (the "Petition"). (Doc. No. 1, filed Apr. 16, 2012.) Upon consideration of the Petition, the Court ordered Respondents to file a response indicating why the relief sought in the Petition should not be granted. (Doc. No. 4, filed Apr. 18, 2012.) Thereafter, Respondents filed a Response to the Petition. (Doc. No. 12, filed Aug. 28, 2012.) The Court entered an order providing Petitioner thirty days to file a reply to the Response. (Doc. No. 13, filed Aug. 29, 2012.) The Order warned that "[i]f Petitioner fails to respond to the Response or responds, but the response does not demonstrate that there is a genuine issue of material fact, the Court may declare that there is no genuine issue of material fact in dispute. In that event, if the applicable law allows, Respondents will be entitled to have the case dismissed and final judgment entered in their favor based upon the pleadings and applicable law." (*Id.*) By the date of this Order, Petitioner has not filed a reply to the Response. Based on a review of the record, the Court concludes that the Petition is should be dismissed.

**Background**

According to the Petition, Petitioner was convicted in the Eighteenth Judicial Circuit, in and for Brevard County, Florida for one count of possession of cannabis with intent to sell or deliver under section 893.13, Florida Statutes, and two counts of use or possession of drug paraphernalia under section 893.147, Florida Statutes.[1] (Doc. No. 1 at 1.) Petitioner filed a post-conviction motion for relief under Florida Rule of Criminal Procedure 3.850 (the "Rule 3.850 Motion"), arguing that section 893.13, Florida Statutes, is "facially unconstitutional because it creates a strict liability offense with a harsh penalty, stigma and over broad regulation of otherwise innocuous conduct." (*Id.* at 3.) The Eighteenth Judicial Circuit denied the Rule 3.850 Motion.[2] *Id.* Petitioner then appealed the denial of the Rule 3.850 Motion to the Fifth District Court of Appeal which affirmed the Eighteenth Judicial Circuit's denial.[3] (*Id.* at 6.)

In the Petition, Petitioner alleges one ground for relief, challenging the constitutionality of section 893.13 based on the reasoning in *Shelton v. Sec'y, Dep't of Corr.,* 802 F. Supp. 2d 1289 (M.D. Fla. 2011).[4] Specifically, Petitioner alleges that his conviction and sentence are illegal

---

[1] An appendix has not been filed in this action; however, the Petition may be resolved without an appendix. The facts set forth in this Order are derived from the Petition.

[2] Petitioner has attached a copy of the order denying Petitioner's Rule 3.850 Motion to the Petition. (Doc. No. 1-1.) The order notes that Petitioner's Rule 3.850 Motion relied on the Middle District of Florida's holding in *Shelton v. Sec'y, Dep't of Corr.,* 802 F. Supp. 2d 1289 (M.D. Fla. 2011). (*Id.*) The Eighteenth Judicial Circuit denied the Rule 3.850 Motion because the court is not bound by decisions from the federal district courts and because there was no conflict among the Florida District Courts of Appeal as to the constitutionality of Chapter 893, Florida Statutes. (*Id.*)

[3] Petitioner has attached a copy of the order from the Fifth District Court of Appeal affirming the Eighteenth Judicial Circuit's decision denying the Rule 3.850 Motion. (Doc. No. 1-1 at 5.)

[4] Petitioner has also provided a memorandum of law in support of the Petition. (Doc. No. 2, filed Apr. 16, 2012.) The memorandum contains almost verbatim recitations of the language from the order in *Shelton v. Sec'y, Dep't of Corr.,* 802 F. Supp. 2d 1289 (M.D. Fla. 2011). The

because section 893.13 is facially unconstitutional. (Doc. No. 1 at 5, 15; Doc. No. 1-1; Doc. No. 2 at 1.) The court in *Shelton* determined that due to an amendment to section 893.13 in 2002 which eliminated *mens rea* as an element to the statute, section 893.13 was facially unconstitutional under the Due Process Clause.[5] *Shelton,* 802 F. Supp. 2d at 1302-06.

## Analysis

To obtain relief under 28 U.S.C. § 2254, Petitioner must show "that the state court decision adjudicating his claims (1) was contrary to or involved an unreasonable application of, clearly established Supreme court precedents . . . ." *Philmore v. McNeil,* 575 F.3d 1251, 1255 (11th Cir. 2009); 28 U.S.C. § 2254(d). Petitioner's argument is foreclosed by the Eleventh Circuit Court of Appeals' recent decision in *Shelton v. Sec'y, Dep't of Corr.,* 691 F.3d 1348 (11th Cir. 2012), reversing the district court decision in *Shelton*. In particular, the Eleventh Circuit in *Shelton* held that the district court failed to give proper deference under the Antiterrorism and Effective Death Penalty Act ("AEDPA") to the state court's adjudication of the issue. *Shelton,* 691 F.3d at 1355. The Eleventh Circuit held that the Florida Supreme Court's adjudication of the facial constitutionality of section 893.13 in *State v. Adkins,* 96 So. 3d 412 (Fla. 2012), which upheld Florida's Comprehensive Drug Abuse Prevention and Control Act under the Due Process Clauses

---

memorandum requests the Court to find section 893.13, Florida Statutes, unconstitutional. (Doc. No. 2 at 8.) The memorandum also requests that the Court find section 893.147, Florida Statutes, unconstitutional; however, Petitioner has provided no argument as to the constitutionality of section 893.147. (*See* Doc. Nos. 1, 2.)

[5] Specifically, the district court in *Shelton* found section 893.13 to be facially unconstitutional because: (1) its penalties were too harsh to allow omission of a *mens rea* requirement; (2) violations lead to substantial social stigma and so *mens rea* is required; and (3) it reaches inherently innocent conduct without a *mens rea* requirement. *Shelton,* 802 F. Supp. 2d at 1300-06.

of the Florida and United States Constitutions, was not contrary to and did not involve an unreasonable application of, clearly established Federal law as determined by the Supreme Court. *Shelton,* 691 F.3d at 1355 (concluding that nothing in the U.S. Reports decides or implies resolution of the issue of the Florida Act's constitutionality and that the Eleventh Circuit could not hold Florida's adjudication to be unreasonable under the AEDPA).[6] Accordingly, the Court will deny the Petition. *Williams v. Tucker,* No. 512cv108/RS/EMT, 2012 WL 6059295, at *7 (N.D. Fla. Nov. 13, 2012) (finding the petitioner's § 2254 claim was foreclosed by the binding decision from the Eleventh Circuit Court of Appeals decision in *Shelton*); *Norwood v. Sec'y, Dep't of Corr.,* No. 8:12-CV-1012-T-30EAJ, 2012 WL 5989359, at *10 (M.D. Fla. Nov. 29, 2012) (finding that the petitioner's claim that section 893.13 is unconstitutional based on the district court's decision in *Shelton* did not warrant relief because of the Eleventh Circuit Court of Appeal's reversal of that decision).[7]

### Certificate of Appealability

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Instead, a district court must first issue a

---

[6] The Eleventh Circuit Court of Appeals did not express a view on the constitutionality of section 893.13, Florida Statutes, but limited its "analysis to AEDPA's narrow inquiry." *Shelton,* 691 F.3d at 1355 (noting the court was not expressing a view on the "underlying constitutional question"); *accord United States v. Stuckey,* No. 12-10295, 2012 WL 5931870, at *2 (11th Cir. Nov. 27, 2012).

[7] The Court also notes that a case from the Middle District of Florida has held, contrary to the federal district court decision in *Shelton,* that Florida's Comprehensive Drug Abuse Prevention and Control Act found in Chapter 893, Florida Statutes, is not facially unconstitutional. *United States v. Bunton,* No. 8:10-cr-327-T-30EAJ, 2011 WL 5080307, at *1 (M.D. Fla. Oct. 26, 2011) (noting that the 2002 amendment to Florida's Comprehensive Drug Abuse Prevention and Control Act, codified in section 893.101, does not result in a facially unconstitutional statute because even without a *mens rea* requirement, it still satisfies due process).

certificate of appealability. *Id.* A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y Dep't. of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should be issued only when a Petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack,* 529 U.S. at 484; *Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

The Court finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack,* 529 U.S. at 483-84. Further, Petitioner cannot make the requisite showing that reasonable jurists would find the Court's assessment of the constitutional claim debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

**Conclusion**

Based on the foregoing it is **ORDERED and ADJUDGED** that:

1. The Petition for Writ of Habeas Corpus filed under 28 U.S.C. § 2254 (Doc. No. 1, filed Apr. 16, 2012) is **DISMISSED.**

2. The Petitioner is **DENIED** a certificate of appealability.

3. The Clerk of the Court is directed to enter judgment accordingly and to close the


case.

**Done** and **Ordered** in Chambers in Orlando, Florida on December __13__, 2012.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies Furnished To:

Counsel of Record
Paul Randolf Johnson
OrlP-1